SLOSS *v.* SOUTHERN MUTUAL B. & L. ASSOCIATION.

*Atkinson, J.*—1. The attestation of a deed by an attorney at law, as notary public, who represented both the grantor and the grantee in the negotiations leading up to the execution of the instrument, does not render the deed invalid, and upon such attestation such deed may be lawfully admitted to record without further probate.

2. Where a deed is made to secure a debt, and the same is treated and foreclosed as an equitable mortgage by the grantee therein, in his answer in the nature of a cross-bill filed as a party defendant to an equitable suit instituted by another creditor of the grantor; and where, under a decree rendered in such case, it is, among other things, adjudged that the title to the property covered by the deed is vested in the grantor, and the decree also establishes in favor of the grantee a lien thereon to the extent of the debt so secured, the latter, as against a judg-

v 97-26

ment creditor whose judgment is junior to the deed in question, is entitled to have the proceeds arising from a sale of such property, made in pursuance of such decree, applied to the extinguishment of his claim.    *Judgment affirmed.*
January 20, 1896.

Rule against sheriff. Before Judge Clark. Fulton superior court. March term, 1895.

Mrs. Small made a deed under the code, §1969 *et seq.,* to the Southern Mutual Building & Loan Association, to secure a loan. Ellis & Gray, who were the attorneys of the association (one of them being also a director therein), were employed by Mrs. Small as her attorneys to obtain the loan, and were paid a fee by her. They were employed on salary by the association. They attested the deed as witnesses, one as notary public. On the trial of a contest for a fund in the sheriff's hands, raised by sale of the property conveyed by the deed, Sloss, one of the contestants, attacked the deed as invalid so far as he was concerned.

The deed to the association was made on February 1, 1890. Under an equitable petition brought in 1891 by one Scott against Mrs. Small, the association, and other parties, a decree was rendered on May 24, 1893, fixing the title to the property in Mrs. Small, and giving the association a first lien thereon for a certain sum with interest from May 18, 1893; the association having answered the petition, and prayed for foreclosure of its deed as a mortgage. Sloss obtained judgment against Mrs. Small on January 20, 1893, and execution issued therefrom was entered on the general execution docket on January 24, 1893. The property having subsequently been sold under execution issuing from the decree before mentioned, the sheriff, at the instance of Sloss, held up a portion of the proceeds. A rule was brought by the association; upon the hearing of which the court overruled the claim of Sloss and directed the fund to be paid to the association.

*James L. Key,* for plaintiff in error.
*Ellis & Gray* and *King & Anderson,* contra.